# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5214-17T1
                A-5215-17T1

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

K.L.B. and C.J.,

     Defendants-Appellants.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF X.J.
and F.A.L.J.,

     Minors.

_____

Submitted June 3, 2020 – Decided June 18, 2020

Before Judges Haas, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FG-07-0063-18.

Joseph E. Krakora, Public Defender, attorney for appellant K.L.B. (Robyn A. Veasey, Deputy Public Defender, of counsel; Jennifer M. Kurtz, Designated Counsel, on the briefs).

Joseph E. Krakora Public Defender, attorney for appellant C.J. (Robyn A. Veasey, Deputy Public Defender, of counsel; Richard A. Foster, Assistant Deputy Public Defender, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Lisa J. Rusciano, Deputy Attorney General, and Danielle Disanto, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith Alexis Pollock, Deputy Public Defender, of counsel; James Joseph Gross, Designated Counsel, on the brief).

PER CURIAM

In these two consolidated cases, defendants K.L.B. and C.J. appeal from the June 28, 2018 judgment of guardianship terminating their parental rights to their two children, X.J., born in May 2016, and F.A.L.J., born in March 2015. K.L.B. argues that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C:15.1(a) by clear and convincing evidence. C.J. asserts that the Division did not satisfy the third prong of the statutory test based on his contention that the children should have been placed with his cousin in Tennessee, rather than with the resource family who wishes

to adopt them. Both defendants contend that the judgment should be reversed because the Division allegedly did not comply with the requirements of the Indian Child Welfare Act (ICWA), 25 U.S.C.A. §§ 1901-1963. The Law Guardian supports the termination on appeal as it did before the trial court.

We will not recite in detail the history of the Division's interactions with defendants and the children. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Carolyn A. Murray's comprehensive oral decision rendered on June 28, 2018.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition strongly supports the decision to terminate defendants' parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge Murray in her thorough opinion. We add the following brief comments.

The guardianship petition was tried before Judge Murray over a period of four days. The Division presented overwhelming evidence of defendants' parental unfitness and established, by clear and convincing evidence, all four statutory prongs outlined in N.J.S.A. 30:4C-15.1(a). In her thoughtful opinion, Judge Murray concluded that termination of defendants' parental rights was in

the children's best interests, and fully explained the basis for each of her determinations.

In this appeal, our review of the judge's decision is limited. We defer to her expertise as a Family Part judge. Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship v. J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). "[W]e [also] rely on the trial court's acceptance of the credibility of the expert's testimony and the court's fact-findings based thereon, noting that the trial court is better positioned to evaluate the witness' credibility, qualifications, and the weight to be accorded to [his or] her testimony." In re Guardianship of DMH, 161 N.J. 365, 382 (1999) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)).

Applying these principles, we conclude that Judge Murray's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

In so ruling, we reject defendants' contention that the Division violated the ICWA. The ICWA was enacted to preserve Native American families; it limits a court's ability to remove Native American children from their families.

A-5214-17T1

N.J. Div. of Child Prot. & Permanency v. K.T.D., 439 N.J. Super. 363, 368-69 (App. Div. 2015). The ICWA applies only to children who are members of, or eligible for, membership in a federally recognized Indian tribe. 25 U.S.C.A. § 1903. In any termination of parental rights proceeding, if the court knows or has reason to know that a child may be Native American, then the child's tribe must be notified. K.T.D., 439 N.J. Super. at 369. If the child's tribe cannot be identified, then notice must be provided to the Bureau of Indian Affairs (BIA) that a guardianship proceeding is pending. Ibid. The purpose of the notice requirement is to provide the tribe with the opportunity to determine if the child in question is an "Indian child" as defined by the ICWA. Id. at 369.[1] A judgment that terminates parental rights can be set aside if notice was not given to the tribe or to the BIA. Id. at 373-74.

In June 2017, K.L.B.'s grandmother, D.T., told the Division that she had Native American heritage, namely, a connection to the Cherokee and Apache tribes. C.J. did not claim knowledge of any Native American ancestry, and stated that his mother was born in Trinidad.

---

[1] An "Indian child" is any unmarried person under age eighteen who is either: a member of a Native American tribe, or is eligible for membership in a Native American tribe and is the biological child of a tribe member. K.T.D., 439 N.J. Super. at 370.

After both parents raised the issue of compliance with the ICWA in their appellate briefs, we temporarily remanded the matter to the Family Part so that it could conduct a hearing on the question of whether the ICWA applied to either of defendants' children. In preparation for the hearing, the Division sent written notices to the BIA and a number of individual tribes, including the Cherokee Nation of Oklahoma, the Eastern Band of Cherokee Indians, the Mescalero Apache Tribe, the Tonto Apache Tribe, the Jicarilla Apache Nation, and the White Mountain Apache Tribe. These tribes advised the Division that neither defendants nor their children were members of their groups.[2]

Under these circumstances, the Family Part found on remand that the Division complied with the requirements of the ICWA and that defendants failed to establish that either X.J. or F.A.L.J. were "Indian children" within the intendment of the ICWA. We discern no basis for disturbing this reasoned determination, which is clearly based on sufficient credible evidence in the record. M.M., 189 N.J. at 279.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] The Division sent notices to three additional tribes, the Yaqui Apache Nation, the San Carlos Apache Tribe, and the United TOA Band of the Cherokee Indians. These tribes did not respond to the notices.

A-5214-17T1